[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT MICHAUD'S MOTION FOR SUMMARY JUDGMENT (#116)
 I.
The plaintiff alleges that she was bitten by a dog owned by the defendant Johnson while she was an invitee or guest of Johnson. Johnson is a tenant in multi-family residential premises owned by the defendant Michaud, Johnson's landlord (Michaud or defendant). The dog bite occurred within a common area under the control of the landlord. CT Page 5284
The plaintiff seeks damages from the defendant Michaud for personal injuries in the second count of her complaint under a common law negligence theory and in the fourth count pursuant to Gen. Stat. § 22-357, the dog bite statute. At oral argument, the plaintiff conceded that there was no evidence that Michaud, as a landlord was the owner or keeper of the dog, and did not oppose summary judgment on the fourth count, which was granted.
For the reasons that follow, Michaud's motion for summary judgment as to the second count is denied.
 II.
Michaud argues that because he did not "own" or "harbor" the dog, he cannot be held liable for the plaintiff's injuries. In opposition, the plaintiff argues that there exists a genuine issue of material fact as to the defendant's knowledge of the dangerous propensities of the dog, his control of the premises and his ability to eliminate any danger posed by the dog.
In order to recover damages for injuries caused by a dog bite based on common law negligence, a plaintiff must prove that the dog had vicious propensities and that the defendant had knowledge or the means of knowledge of such propensities. See Basney v.Klema, 2 Conn. Cir. Ct. 538, 544, 203 A.2d 95 (1964); Reed v.Comen, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 311292 (April 29, 1998, Mottolese, J.);Duhaime v. Tron Mills, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 034521 (June 30, 1992, McGrath, J.); Vasquez v. Hooks Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 394001 (February 10, 1992, Schaller, J.); see also Portnoy v. King, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 087873 (November 6, 1990, Katz, J.) (denying motion for summary judgment as to common law dog-bite liability count of complaint because landlord admitted knowledge of existence of tenant's dog and its vicious propensities, and because attack occurred in common area of premises within landlord's control); Restatement (Second), Torts § 379A (1965) ("A lessor of land is subject to liability for physical harm to persons outside of the land caused by activities of the lessee or others on the land after the lessor transfers possession if, but only if, (a) the lessor at the time of the lease consented to such activity or knew that it would be carried on, and (b) the lessor knew or had CT Page 5285 reason to know that it would unavoidably involve such an unreasonable risk, or that special precautions necessary to safety would not be taken.").
The defendant's affidavit addresses the pertinent issues under the dog bite statute, and denies that he was the owner or keeper of the dog, General Statutes § 22-357, but wholly fails to present any facts regarding the dogs dangerous propensities or his prior knowledge or notice of lack thereof, of such propensities. A non-owner of a dog may be liable under the common law regardless of whether he or she is a "harborer."
 CONCLUSION
Because the defendant has not met his burden to demonstrate the absence of any genuine issues of material fact, the motion for summary judgment must be and is denied as to the second count of the plaintiff's complaint, and granted as to the fourth count.
Teller, J.